# NEW JERSEY MISCELLANEOUS REPORTS. 1053

MADELINE DECKER ET AL., RESPONDENTS, v. ISADORE
MILLER ET AL., APPELLANTS.

**Negligence—Injury to Tenant Through an Accident Resulting
From Another Tenant Using a Common Trapdoor—Proofs
Disclose No Evidence That Trapdoor was Out of Repair or
Defective, or was Improperly Balanced, as Alleged in Com-
plaint—Whether Location of Ladder Reaching to Trapdoor
was Enough to Legally Constitute Negligence Not Neces-
sary to Determine, Since Proofs, Failing to Support the
Complaint, the Motion for a Nonsuit or Direction of Verdict
Should Have Been Granted.**

Submitted May term, 1927—Decided November 25, 1927.

On appeal from the Hudson County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK
and LLOYD.

For the appellants, *Collins & Corbin.*

For the respondents, *Brenner & Kresch.*

PER CURIAM.

The defendants appeal from a judgment against them in
the Hudson Circuit Court. The action was one for damages
for injuries occasioned by the fall of part of a trapdoor on
the hand of the plaintiff Mrs. Decker.

Defendants below were the owners and plaintiffs below
were the tenants of a two-story tenement house in Bayonne
containing two families on each floor. Plaintiffs occupied
one of the second story apartments, and on the roof over the
hall adjoining their apartment there was a trapdoor or scuttle
to which all tenants had access in case of emergency. On
May 16th, 1925, while Mrs Decker was standing in the hall,
her co-tenant on the same floor went to the roof to locate a
fire. To do so he had to raise the trapdoor. As he raised
the trapdoor he lost control of it and it fell on the skylight,

breaking the glass, and the broken parts fell on Mrs. Decker's hand, cutting it.

The court submitted the case to the jury on the grounds of negligent construction and failure to comply with the Tenement House act, and the jury returned verdicts for the plaintiffs.

The grounds of appeal are that the court improperly refused to grant a nonsuit or to direct a verdict for the defendant, and that a portion of the charge was erroneous.

The complaint alleges that the trapdoor was permitted to become out of repair and in a dangerous condition, and to this was later added an amendment averring that it was not properly balanced so as to be easily opened.

Examination of the proofs fails to exhibit any evidence that the trapdoor itself was out of repair or defective, or that it was not properly balanced. But it is urged by the respondent that the ladder leading to the roof was not erected at an angle of sixty degrees as required by the Tenement House act of 1904 (page 107, amended in 1905, page 170); that on the contrary, it was nearly perpendicular and that in consequence one attempting to reach the roof would be required to devote a part of his strength to maintaining his balance on the ladder to the detriment of his physical ability to raise the trapdoor. Without determining the legal sufficiency of this factor to constitute negligence or passing on its casual relation to the accident, it is sufficient to say that the case presented no issue based thereon; the complaint is directed wholly to the trapdoor itself and its fittings, and not to any fault in the location or placing of the ladder. On this ground the motion for nonsuit or for a direction should have been granted.

The judgment is reversed.